Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Francis Wooters*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Francis Wooters, | Case No.: |
| Plaintiff, | **Complaint for damages under the FCRA, 15 U.S.C. § 1681** |
| v. | |
| Experian Information Solutions, Inc., Trans Union, LLC, Innovis Data Solutions, Inc., Bank of America, N.A., Marlette Funding, LLC dba Best Egg, Capital One Bank (USA) N.A., First National Bank of Omaha, JPMorgan Chase Bank, NA., HSBC Bank USA, N.A. and Synchrony Financial dba SYNCB/ Car Care Pep Boys | |
| Defendants. | |

**Introduction**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Francis Wooters ("Plaintiff"), by counsel, brings this action to challenge the actions of Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), Innovis Data Solutions, Inc. ("Innovis"), Bank of America, N.A. ("BANA"), Marlette Funding, LLC dba Best Egg ("Best Egg"), Capital One Bank (USA) N.A. ("Capital One"), First National Bank of Omaha ("FNB Omaha"), JPMorgan Chase Bank, N.A. ("JPMCB"), HSBC Bank USA, N.A. ("HSBC") and Synchrony Financial dba SYNCB/Car Care Pep Boys ("SYNCB") (jointly as

"Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. BANA, Best Egg, Capital One, FNB Omaha, JPMCB, HSBC and SYNCB are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Experian, Trans Union and Innovis regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## GENERAL ALLEGATIONS
### Re: Bankruptcy Case No. 21-14159

17. On or about August 23, 2021, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

18. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

20. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

21. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-

1  bankruptcy derogatory collection information, pursuant to the Orders entered by
2  the bankruptcy Court.

3  22. The accounts named herein (as applicable) were discharged through the
4  bankruptcy on November 23, 2021.

5  23. However, Defendants either reported or caused to be reported inaccurate
6  information as discussed below after Plaintiff's debts were discharged.

7  24. Additionally, Defendants' inaccurate reporting did not comply with the
8  Consumer Data Industry Association's Metro 2 reporting standards, which
9  provides guidance for credit reporting and FCRA compliance.

10  25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2
11  ("Metro 2") reporting standards to assist furnishers with their compliance
12  requirements under the FCRA.

13  26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re*
14  *Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry
15  standards require that a debt discharged in bankruptcy be reported to a credit
16  reporting agency with the notation `Discharged in bankruptcy' and with a zero
17  balance due").

18  27. On information and belief, Defendants adopted and at all times relevant
19  implemented the Metro 2 format.

20  28. On information and belief, each furnisher named herein adopted the Metro 2
21  reporting standards and at all times relevant implemented the Metro 2 format as
22  an integral aspect of their respective duties under the FCRA to have in place
23  adequate and reasonable policies and procedures to handle investigations of
24  disputed information.

25  29. Each furnisher named herein failed to conform to the Metro 2 Format when
26  reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set
27  forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-

reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

32. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

**— THE INNOVIS VIOLATIONS —**

**Innovis and HSBC Misreported Consumer Information**

**and Failed to Investigate Plaintiff's Dispute**

**Re: HSBC Account No. ****0725**

33. In Plaintiff's consumer report from Innovis dated February 21, 2022, Innovis and HSBC inaccurately reported Plaintiff's address as 6702 Sheffield Dr, Las Vegas NV 89108 on Plaintiff's HSBC account. This was inaccurate, misleading, and derogatory because Plaintiff does not live at that address.

34. On or about July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Innovis, in writing, of the inaccurate, misleading, and derogatory information.

35. Specifically, Plaintiff sent a letter on, or around, July 1, 2022, certified, return receipt, to Innovis, requesting the above inaccurate, information be corrected or removed.

36. On information and belief, upon receiving that letter, Innovis timely notified HSBC of Plaintiff's dispute, but Innovis and HSBC continued reporting inaccurate information.

37. Innovis and HSBC were required to conduct an investigation into the disputed

information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

38. Plaintiff never received any notification from Innovis that Innovis and HSBC received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

39. A reasonable investigation by Innovis and HSBC would have determined that Plaintiff's dispute was valid and that they were reporting inaccurate, misleading, and derogatory information.

40. Innovis and HSBC failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

41. Upon information and belief, HSBC continued to report the inaccurate information.

42. In turn, Innovis continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

43. Innovis and HSBC, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

44. Due to the failure by Innovis and HSBC to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

45. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Innovis and HSBC were fruitless.

46. Innovis and HSBC's inaccurate, misleading, and derogatory reporting was knowing and willful because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

47. Also, as a result of the continued inaccurate and negative reporting by Innovis and HSBC, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

48. By inaccurately reporting consumer information after notice and confirmation of their errors, Innovis and HSBC failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Innovis and SYNCB Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: SYNCB Account No. ****0345**

49. In Plaintiff's consumer report from Innovis dated February 21, 2022, Innovis and SYNCB inaccurately reported Plaintiff's address as 6702 Sheffield Dr, Las Vegas NV 89108 on Plaintiff's SYNCB account. This was inaccurate, misleading, and derogatory because Plaintiff does not live at that address.

50. On or about July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Innovis, in writing, of the inaccurate, misleading, and derogatory information.

51. Specifically, Plaintiff sent a letter on, or around, July 1, 2022, certified, return receipt, to Innovis, requesting the above inaccurate, information be corrected or removed.

52. On information and belief, upon receiving that letter, Innovis timely notified SYNCB of Plaintiff's dispute, but Innovis and SYNCB continued reporting inaccurate information.

53. Innovis and SYNCB were required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

54. Plaintiff never received any notification from Innovis that Innovis and SYNCB received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

55. A reasonable investigation by Innovis and SYNCB would have determined that Plaintiff's dispute was valid and that they were reporting inaccurate, misleading, and derogatory information.

56. Innovis and SYNCB failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

57. Upon information and belief, SYNCB continued to report the inaccurate information.

58. In turn, Innovis continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

59. Innovis and SYNCB, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

60. Due to the failure by Innovis and SYNCB to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

61. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Innovis and SYNCB were fruitless.

62. Innovis and SYNCB's inaccurate, misleading, and derogatory reporting was knowing and willful because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

63. Also, as a result of the continued inaccurate and negative reporting by Innovis and SYNCB, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

64. By inaccurately reporting consumer information after notice and confirmation of their errors, Innovis and SYNCB failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

## — THE TRANS UNION VIOLATIONS—

**Trans Union and BANA Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: BANA Account No. 5466\*\*\*\***

65. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union and BANA inaccurately reported that Plaintiff's account had a balance of $4,231. This was inaccurate, misleading, and derogatory because Plaintiff filed for bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

66. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

67. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

68. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

69. Upon information and belief, Trans Union timely notified BANA regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

70. Upon information and belief, Trans Union provided BANA with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

71. Upon information and belief, Trans Union provided all relevant information to BANA regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

72. Plaintiff never received any notification from Trans Union that Trans Union and BANA investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

73. A reasonable investigation by Trans Union and BANA would have determined that they were reporting the above disputed information inaccurately.

74. Trans Union and BANA failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

75. Upon information and belief, BANA continued to report the inaccurate information.

76. In turn, Trans Union continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

77. Trans Union and BANA, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

78. Due to Trans Union and BANA's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

79. Trans Union and BANA's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

80. Also, as a result of Trans Union and BANA's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

81. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and BANA failed to take the appropriate measures as

required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Trans Union and Best Egg Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: Best Egg Account No. 3525\*\*\*\***

82. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union and Best Egg inaccurately reported that Plaintiff's account had a balance of $2,075. This was inaccurate, misleading, and derogatory because Plaintiff filed for bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

83. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

84. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

85. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

86. Upon information and belief, Trans Union timely notified Best Egg regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

87. Upon information and belief, Trans Union provided Best Egg with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

88. Upon information and belief, Trans Union provided all relevant information to Best Egg regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

89. Plaintiff never received any notification from Trans Union that Trans Union and Best Egg investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

90. A reasonable investigation by Trans Union and Best Egg would have determined that they were reporting the above disputed information inaccurately.

91. Trans Union and Best Egg failed to review all relevant information provided by

Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

92. Upon information and belief, Best Egg continued to report the inaccurate information.

93. In turn, Trans Union continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

94. Trans Union and Best Egg, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

95. Due to Trans Union and Best Egg's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

96. Trans Union and Best Egg's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

97. Also, as a result of Trans Union and Best Egg's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

98. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and Best Egg failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Trans Union and Capital One Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: Capital One Account Nos. \*\*\*\*1284 and\*\*\*\*8587**

99. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union and Capital One inaccurately reported Plaintiff's account balances as $1,293 (account no. \*\*\*\*1284) and $1,866 (account no. \*\*\*\*8587). This was inaccurate, misleading, and derogatory because Plaintiff filed for bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

100. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

101. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

102. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

103. Upon information and belief, Trans Union timely notified Capital One regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

104. Upon information and belief, Trans Union provided Capital One with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

105. Upon information and belief, Trans Union provided all relevant information to Capital One regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

106. Plaintiff never received any notification from Trans Union that Trans Union and Capital One investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

107. A reasonable investigation by Trans Union and Capital One would have determined that they were reporting the above disputed information inaccurately.

108. Trans Union and Capital One failed to review all relevant information provided

by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

109. Upon information and belief, Capital One continued to report the inaccurate information.

110. In turn, Trans Union continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

111. Trans Union and Capital One, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

112. Due to Trans Union and Capital One's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

113. Trans Union and Capital One's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

114. Also, as a result of Trans Union and Capital One's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

115. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and Capital One failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Trans Union and Capital One Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: Capital One's Unauthorized Inquiry**

116. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union reported an unauthorized account review inquiry by Capital One on February 9, 2022.

117. However, Plaintiff had no account with Capital One on February 9, 2022, since the account was included in Plaintiff's bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

118. Capital One had no legitimate business need for the information in Plaintiff's consumer report and, therefore, violated 15 U.S.C. §1681b by accessing the consumer report for an impermissible purpose.

119. Additionally, Trans Union and Capital One's reporting was inaccurate, misleading, and derogatory because Plaintiff neither had an open account, nor was attempting to open an account with Capital One.

120. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

121. Specifically, Plaintiff sent a letter on, or around, July 1, 2022, certified, return receipt, to Trans Union, requesting the above inaccurate, information be corrected or removed.

122. Trans Union and Capital One were required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

123. Plaintiff never received notification from Trans Union that Trans Union and Capital One received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

124. A reasonable investigation by Trans Union and Capital One would have

determined that Plaintiff's dispute was valid and that they were reporting inaccurate, misleading, and derogatory information.

125. Trans Union and Capital One failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

126. Trans Union and Capital One, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

127. Due to the failure by Trans Union and Capital One to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of the impermissible pull in violation of the FCRA.

128. Trans Union and Capital One's inaccurate, misleading, and derogatory reporting was knowing and willful because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

129. Also, as a result of the continued inaccurate and negative reporting by Trans Union and Capital One, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

130. Furthermore, Plaintiff was affected personally because when he realized the behavior of Capital One described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Capital One, who had no right to Plaintiff's private information. Capital One's behavior caused Plaintiff to suffer mental and emotional distress as a result of Capital One's invasion of Plaintiff's privacy.

131. The injury suffered by Plaintiff is concrete because Capital One's violation of 15 U.S.C. §1681b caused Plaintiff to suffer emotional distress from Capital One's invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

132. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and Capital One failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Trans Union and FNB Omaha Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute Re: FNB Omaha Account No. 5544****

133. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union and FNB Omaha inaccurately reported Plaintiff's account balance as $2,766. This was inaccurate, misleading, and derogatory because Plaintiff filed for bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

134. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

135. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

136. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

137. Upon information and belief, Trans Union timely notified FNB Omaha regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

138. Upon information and belief, Trans Union provided FNB Omaha with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

139. Upon information and belief, Trans Union provided all relevant information to FNB Omaha regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

140. Plaintiff never received any notification from Trans Union that Trans Union and FNB Omaha investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

141. A reasonable investigation by Trans Union and FNB Omaha would have determined that they were reporting the above disputed information inaccurately.

142. Trans Union and FNB Omaha failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

143. Upon information and belief, FNB Omaha continued to report the inaccurate information.

144. In turn, Trans Union continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

145. Trans Union and FNB Omaha, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

146. Due to Trans Union and FNB Omaha's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

147. Trans Union and FNB Omaha's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

148. Also, as a result of Trans Union and FNB Omaha's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

149. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and FNB Omaha failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Trans Union and JPMCB Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re: JPMCB Account No. 9072\*\*\*\***

150. In Plaintiff's consumer report from Trans Union dated February 23, 2022, Trans Union and JPMCB inaccurately reported Plaintiff's account balance as $2,445. This was inaccurate, misleading, and derogatory because Plaintiff filed for bankruptcy on August 23, 2021, and Plaintiff received a discharge on November 23, 2021.

151. On, or around, July 1, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

152. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

153. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

154. Upon information and belief, Trans Union timely notified JPMCB regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

155. Upon information and belief, Trans Union provided JPMCB with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

156. Upon information and belief, Trans Union provided all relevant information to

JPMCB regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

157. Plaintiff never received any notification from Trans Union that Trans Union and JPMCB investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

158. A reasonable investigation by Trans Union and JPMCB would have determined that they were reporting the above disputed information inaccurately.

159. Trans Union and JPMCB failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

160. Upon information and belief, JPMCB continued to report the inaccurate information.

161. In turn, Trans Union continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

162. Trans Union and JPMCB, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

163. Due to Trans Union and JPMCB's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

164. Trans Union and JPMCB's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

165. Also, as a result of Trans Union and JPMCB's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging

the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

166. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and JPMCB failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**— THE EXPERIAN VIOLATIONS —**

**Experian Misreported Consumer Information**

**and Failed to Investigate Plaintiff's Dispute**

**Re:  Inaccurate Social Security Numbers**

167. In Plaintiff's consumer report from Experian dated February 3, 2022, Experian inaccurately reported the last four digits of Plaintiff's social security number as 9445, 9384 and 3040. This was inaccurate, misleading, and derogatory because the reported social security numbers do not belong to Plaintiff.

168. On or about February 17, 2022, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

169. Specifically, Plaintiff sent a letter on February 17, 2022, certified, return receipt, to Experian, requesting the above inaccurate information be corrected or removed.

170. Experian was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

171. Plaintiff never received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

172. Experian failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

173. Experian continued to report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

174. Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

175. A reasonable investigation by Experian would have discovered that the information it was reporting was inaccurate, misleading, and derogatory.

176. Due to the failure by Experian to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

177. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Experian were fruitless.

178. Experian's continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

179. Also, as a result of the continued inaccurate, misleading, and derogatory reporting by Experian, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

180. By reporting inaccurate consumer information after notice and confirmation of its errors, Experian failed to take the appropriate measures as required under 15 U.S.C. § 1681i.

**Plaintiff's damages**

181. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681

182. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

183. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

184. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

185. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### Prayer for relief

186. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and

- Any other relief that this Court deems just and proper.

## Jury Demand

187. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 6, 2022.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Francis Wooters*