# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Francis Wooters, | Case No. 2:22-cv-01691-CDS-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Experian Information Solutions, et.al., | |
| Defendants. | |

Before the Court is Defendant BANA's Motion to Stay Discovery. ECF No. 60. Plaintiff responded (ECF No. 65), and Defendant BANA replied (ECF No. 68).

**I.   Background**

Defendant BANA moves to stay discovery pending the resolution of its motion to dismiss by relying on the "preliminary peek test" as well as "good cause" for its argument. ECF No. 60. Defendant argues that the motion is dispositive, that it can be decided without additional discovery, and references arguments from it motion to dismiss to support its belief that the case will not move forward. *Id*. Specifically, it argues Plaintiff has not alleged a factual inaccuracy or adequately alleged damages to support a FCRA claim. *Id*.

Plaintiff opposes the request. ECF No. 24. While Plaintiff agrees that Defendant's Motion to Dismiss is dispositive, he argues Defendant's Motion will be denied and that discovery is needed to resolve it. In addition, Plaintiff takes the position there is no such good cause to stay discovery and that he will be prejudiced from a stay.

Besides repeating some of the previous arguments, Defendant BANA's reply argues that no discovery is needed to resolve the Motion to Dismiss as the issue is purely a legal one.

**II.   Legal Standard**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995).

A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

The Ninth Circuit has, however, identified one scenario in which a district court may stay discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[1]

---

[1] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (same).

The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (same).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed.[2] *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If[ all three questions are answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

First, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012)

---

[2] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

(identifying same issue). Additionally, the test requires the magistrate judge to take a "preliminary peek" (i.e., a superficial look) at the dispositive motion and be *convinced* that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed (and thus should have discovery stayed) from those cases that will proceed (and thus should *not* have discovery stayed).

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery.[3] It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery*

---

[3] This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

*When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriate stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm,* 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will discuss in more detail below, good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

The Ninth Circuit has held that good cause to stay discovery may exist when the movant can convince the Court that plaintiff cannot state a claim. *See Wood*, 644 F.2d at 801 (district court may stay discovery when it is convinced that plaintiff will be unable to state a claim); *B.R.S. Land Invs.*, 596 F.2d at 356 (same). These cases remain valid authority, and litigants may still move for a discovery stay under the preliminary peek test. However, as previously discussed, this will only result in discovery stays in the simplest, legally baseless cases.

That said, good cause may exist based on other factors unrelated to the merits of the dispositive motion. In many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue

burden or expense will result from discovery proceeding when a dispositive motion is pending. Movants are encouraged to be specific about the realistically anticipated costs of discovery (based on factors such as the complexity of the claim(s) at issue, the number of claims asserted, the number of parties involved in the litigation, the number of witnesses including experts, the volume of documents at issue, etc.). Non-movants opposing a stay of discovery should discuss their position on these same factors. Additionally, though parties opposing a motion to stay discovery carry no burden to show harm or prejudice if discovery is stayed, they are encouraged to discuss any specific reasons why a discovery stay would be harmful (e.g., the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, the claimant's resources and ability to wait for a judgment, etc.). Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

**III.    Analysis**

First, the Court agrees with Defendant that discovery is not needed to resolve the Motion to Dismiss. Whether (1) the complaint sufficiently alleges an inaccuracy and (2) whether damages have been sufficiently alleged are questions of law which do not require additional discovery.

Next, the Court evaluates whether good cause exists to stay discovery. According to BANA, proceeding with discovery will be disproportionately burdensome given the case is "without merit." It also argues it will be prejudiced by having to incur time and expenses. First, without prejudging the Motion to Dismiss, the Court is not convinced that the case against BANA is without merit. In addition, BANA does not provide any specifics regarding the costs and time that will be incurred by participating in the discovery process. In this vein, the Court notes there is only one claim against BANA which does not appear to be particularly complex. As a result, the Court does not find good cause to stay discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597,

601 (D. Nev. 2011)("A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause[.]").

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant BANA's Motion to Stay Discovery (ECF No. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing scheduled for June 14, 2023 is **VACATED**.

DATED: May 22, 2023

```
                                          _____
                                          BRENDA WEKSLER
                                          UNITED STATES MAGISTRATE JUDGE
```