UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Francis Wooters, <br><br> Plaintiff <br><br> v. <br><br> Bank of America, N.A., et al., <br><br> Defendants | Case No. 2:22-cv-01691-CDS-BNW <br><br> **Order Granting Defendant's Motion to Dismiss** <br><br> [ECF No. 44] |

Plaintiff Francis Wooters brings this Fair Credit Reporting Act suit against defendant Bank of America, N.A. (BANA) for an alleged FCRA violation. Wooters' sole claim against BANA arises under the FCRA, 15 U.S.C. § 1681, and he contends that BANA inaccurately reported a balance on his account to Trans Union. BANA moves to dismiss the claim, arguing that a plaintiff must identify inaccurate information in their credit report to bring a § 1681 violation and that Wooters does not. It adds that, even if it did violate the FCRA, Wooters has not demonstrated that he was injured by its actions. I find that Wooters has failed to state a claim that BANA inaccurately reported his balance. I thus grant BANA's motion to dismiss and dismiss Wooters' claim against it, but I grant Wooters leave to amend to cure the deficiency that I have identified.

I.   **Legal standard**

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II.  Discussion

Wooters brings his claim under the FCRA, alleging that BANA violated 15 U.S.C. § 1681s–2(b) by reporting factually inaccurate information to various consumer reporting agencies. The statute prescribes various duties to furnishers of information upon notice of dispute, including the duties to investigate the disputed information, to report the results of the investigation to the consumer reporting agency, to report inaccurate or incomplete information to all other consumer reporting agencies, and to modify, delete, or permanently block reporting of the inaccurate or incomplete information. 15 U.S.C. § 1681s–2(b). He contends that BANA's reporting of a $4,231 balance was inaccurate because that debt was discharged during his bankruptcy. ECF No. 49 at 7. BANA responds that, while it reported Wooters as having a $4,231 balance that was past due, it also reported the account as discharged in bankruptcy and that no amount would be due in the future. ECF No. 55 at 2. In sum, BANA contends that Wooters "cherry[-]picks alleged factual inaccuracies from his credit report in an attempt to create an actionable reporting violation." *Id.*

A credit report may be inaccurate because it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Wooters argues that BANA's reporting of his past-due balance is inaccurate because it adversely affects his credit decisions, but he fails to demonstrate that BANA's information was actually incorrect or misleading. As BANA points out, Wooters relies on various cases in which a creditor listed a past-due balance but failed to report the plaintiff's bankruptcy discharge. ECF No. 55 at 4. But

BANA asserts, and Wooters does not dispute, that it in fact *did* list the account as discharged in bankruptcy, with no future payments being required. And courts around the country have not found actionable FCRA claims in such circumstances, because descriptions of accounts discharged in bankruptcy are "neither 'patently incorrect' nor 'misleading in such a way and to such an extent that [they] can be expected to adversely affect credit decisions.'" *Franklin v. Trans Union, LLC*, 2019 WL 6871254, at *3 (C.D. Cal. Oct. 8, 2019) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). As another judge in this District has put it, a "successful FCRA claim must make a direct allegation that a defendant's report of a past[-]due balance indicates that the balance is still outstanding." *Harris v. Nissan-Infiniti LT*, 2018 WL 2741040, at *3 (D. Nev. June 7, 2018). And Wooters fails to allege that BANA's report of his discharged balance gave any indication that his balance was still outstanding. *See* Compl., ECF No. 1 at 10–11. I thus grant BANA's motion to dismiss Wooters' sole claim against it.

However, I grant Wooters leave to amend to resolve the problem I have identified in his complaint. If he can plausibly plead that BANA (1) did not, in fact, list the account as discharged in bankruptcy and/or (2) that it listed the account as requiring future payments, then Wooters could state a claim for relief under the FCRA.

III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Bank of America, N.A.'s motion to dismiss **[ECF No. 44] is GRANTED.** The plaintiff's claim against it is dismissed without prejudice.

IT IS FURTHER ORDERED that Wooters has until August 19, 2023, to amend his complaint to cure the deficiency I have identified herein.

DATED: July 19, 2023

_____
Cristina D. Silva
United States District Judge